### ARONOWSKY v. GREENSTEIN et al.

(Supreme Court, Appellate Term, Second Department. October 18, 1912.)

CONTRACTS (§ 350*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

    Evidence in an action to recover a balance claimed to be due under a contract for doing certain work, and a further sum for alleged extra work, *held* not to sustain a finding that defendants owed plaintiff any balance under the contract.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1819–1823; Dec. Dig. § 350.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Bennett Aronowsky against Samuel Greenstein and others. From a judgment for plaintiff against defendants Greenstein, Gordon, and Price, and dismissing the complaint as against defendant School of Biblical Instruction, defendants Greenstein, Gordon, and Price appeal. Reversed, and new trial granted as to defendants Gordon and Price, and affirmed as to defendant School of Biblical Instruction.

Argued October term, 1912, before ASPINALL, PUTNAM, and CRANE, JJ.

Abraham Levitt, of Brooklyn, for appellants.
Joseph A. Whitehorn, of Brooklyn, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ASPINALL, J. This action was brought by the plaintiff to recover from the defendants the sum of $20, a balance claimed to be due upon a written contract for certain work, labor, and services, and also for the further sum of $229.75, for alleged extra work in connection with the same job. The case was tried before court and jury, and resulted in a verdict for the plaintiff against the defendants Greenstein, Gordon, and Price for the sum of $158. At the close of the plaintiff's case a motion was made to dismiss the complaint as against the defendant School of Biblical Instruction, on the ground that no cause of action had been made out as against it, which motion was properly granted by the court.

The defendants Greenstein, Gordon, and Price were liable as individuals upon the sealed agreement, and not the School of Biblical Instruction. The verdict and the judgment entered thereon must, however, be set aside, upon the ground that the same is against the weight of evidence. The plaintiff throughout his entire testimony was uncertain and contradictory, and was unable to furnish any positive dates as to work performed or moneys paid to him by the defendants. The defendants, however, introduced in evidence a receipted bill, dated November 25, 1910, signed by the plaintiff, for the sum of $166.-75, in full payment of all work, "as well as for the extra work, which amounted to $66.75." The plaintiff failed to explain how he came to make the settlement evidenced by this receipt, and in view of the receipt itself, and the testimony of the defendants that it was payment in full for all extra work performed by the plaintiff, the recovery cannot stand.

Judgment reversed as to Gordon and Price, and a new trial granted, costs to abide the event, and affirmed as to Biblical School of Instruction.

PUTNAM and CRANE, JJ., concur.